### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| **WILLIAM ROBERT BOYER,** | CASE NO. 4:10CV3100 |
| **Plaintiff,** | |
| v. | **MEMORANDUM** |
| | **AND ORDER** |
| **DR. SUBRAMANYAM RAJAGOPOL,** et al., | |
| **Defendants.** | |

This matter is before the court on its own motion. On March 16, 2011, the court ordered Plaintiff William Robert Boyer ("Boyer") to show cause why this case should not be dismissed for his failure to complete timely service of process on Defendants. (Filing No. 17.) In Boyer's Reply to the court's order, Boyer stated, liberally construed, that this court must not dismiss this case because state officials are abusing him and forcing him to take medication. (Filing No. 18 at CM/ECF pp. 1-4.) In previous filings, Boyer stated that he is unable to complete the summons forms without assistance from the court, and also that he is unable to complete the summons forms because he fears retribution from state officials. (*See* Filing Nos. 11, 13, and 16.)

The court has carefully reviewed Boyer's Reply to this court's March 16, 2011, order, and also his previous filings in this matter, and finds that Boyer will be given **one final opportunity** to serve Defendants. In order to complete service of process, Boyer must complete the summons forms that the Clerk of the court will provide. **Each summons form must include Boyer's name and address, and also the name and address of a defendant**. It appears from the face of Boyer's Complaint that (1) all Defendants are being

sued in their official capacities only,[1] and (2) they are all employees of the Lincoln Correctional Center. If true, Boyer may serve Defendants by addressing summons to the Office of the Attorney General at "Jon Bruning / Office of the Attorney General / 2115 State Capitol / Lincoln, NE 68509. *See* Federal Rule of Civil Procedure 4(j) and Neb. Rev. Stat. § 25-510.02(1) ("The State of Nebraska, any state agency as defined in section 81-8,210, and any employee of the state as defined in section 81-8,210 sued in an official capacity may be served by leaving the summons at the office of the Attorney General with the Attorney General, deputy attorney general, or someone designated in writing by the Attorney General, or by certified mail service addressed to the office of the Attorney General.").

IT IS THEREFORE ORDERED that:

1.  Boyer will be given an additional 45 days in which to serve Defendants with summons in this matter;

2.  The Clerk of the court shall send NINE summons forms and NINE USM-285 forms to Plaintiff together with a copy of this Memorandum and Order;

3.  Plaintiff must, as soon as possible, complete and return the summons forms back to the Clerk of the court. In the absence of the forms, service of process cannot occur;

4.  Upon receipt of the completed forms, the Clerk of the court will sign the summons forms, to be forwarded with a copy of the Complaint to the U.S. Marshal for service of process. The Marshal shall serve the summons and Complaint without payment of costs or fees. Service may be by certified mail pursuant to Federal Rule of Civil Procedure 4 and Nebraska law in the

---

[1] Boyer did not specify whether Defendants were being sued in their official or personal capacities and so the court construes Boyer's suit as being against Defendants in their official capacities only. *See Johnson v. Outboard Marine Corp.*, 172 F.3d 531, 535 (8th Cir. 1999) (holding that absent an express statement that defendant public servants are being sued in their individual capacities, § 1983 suits will be construed as being against defendants in their official capacities).

       discretion of the Marshal. The Clerk of the court will copy the Complaint, and Plaintiff does not need to do so;

5. Plaintiff is hereby notified that failure to obtain service of process on a defendant within 45 days from the date of this Memorandum and Order will result in dismissal of this matter without further notice as to such defendant. A defendant has 21 days after receipt of the summons to answer or otherwise respond to a complaint;

6. The Clerk of the court is directed to set a pro se case management deadline in this case with the following text: "June 30, 2011: Check for completion of service of summons"; and

7. The parties are bound by the Federal Rules of Civil Procedure and by theLocal Rules of this court. Plaintiff shall keep the court informed of his current address at all times while this case is pending. Failure to do so may result in dismissal.

Dated this 17th day of May, 2011.

                       BY THE COURT:

                       s/Laurie Smith Camp
                       United States District Judge

---

\*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.